# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN MUELLER, | No. 4:19-CV-01751 |
| Petitioner, | (Judge Brann) |
| v. | |
| DOUGLAS K. WHITE, | |
| Respondent. | |

## MEMORANDUM OPINION

### APRIL 16, 2021

Petitioner Martin Mueller, a prisoner presently incarcerated at the Low Security Correctional Institution at Allenwood, in White Deer, Pennsylvania filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges, *inter alia*, the validity of his conviction based on *Rehaif v. United States*.[1]  The Court issued an order to show cause why the petition should not be granted.[2]  The Respondent has filed an answer and a supplement to the answer,[3] and Petitioner has filed a reply and a supplement to his reply.[4]  As such, the petition is now ripe for disposition.  For the reasons expressed below, this Court will deny the petition.

---

[1]   --- U.S. ---, 139 S. Ct. 2191 (2019)
[2]   Docs 1 (pet.), 2 (brief).
[3]   Docs. 11, 19.
[4]   Docs. 12, 20.

## I.     BACKGROUND

Petitioner was indicted in the United States District Court for the Eastern District of Pennsylvania for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and simple possession of heroin in violation of 21 U.S.C. § 844(a).[5]   Count one of the indictment alleges that Petitioner knowingly possessed the firearm despite having previously "been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year."[6]

Petitioner pled guilty to the drug charge but proceeded to trial on the gun charge.[7]   Prior to trial, the Petitioner filed a motion *in limine* pursuant to Federal Rule of Evidence 609 to preclude admission of his 2004 conviction in the Court of Common Pleas of Philadelphia County, MC-51-CR-01053310-2002, where he was convicted of possession with intent to manufacture or deliver a controlled substance.[8]   For this conviction, Petitioner was sentenced to serve three to twelve months of incarceration and two years of probation.

The Eastern District of Pennsylvania denied Petitioner's motion *in limine*, confirming that his prior drug felony conviction would be admissible at trial.[9]   The

---

[5]   No. 08-cr-139, Doc. 1 at 2-3 (E.D. Pa.).
[6]   *Id.*
[7]   *See United States v. Mueller*, 405 F. App'x 648, **2 (3d Cir. Dec. 13, 2010).
[8]   No. 08-cr-139, Doc. 29 (mot.).   The intent of the motion appears to be to preclude the prosecution from cross-examining Petitioner on his prior convictions should he decide to testify in his own defense.
[9]   No. 08-cr-139, Doc. 37 (order).

parties also stipulated before trial that "prior to May 31, 2006, Martin Mueller was convicted of a crime in court that was punishable by imprisonment for a term exceeding one year."[10]  This stipulation was memorialized in the jury instructions given by that court.[11]

The matter then proceeded to a jury trial in January 2009.  Petitioner took the stand in his own defense and on cross-examination admitted that at the time of the offense, he was a convicted felon and was not permitted to possess a gun.[12]  Later on in the trial,

> Mueller's counsel, Kai Scott, tried to discredit the officers' account of Mueller's arrest by challenging the plausibility of the Government's assertion that a .357 Magnum was ever in Mueller's back pocket, urging that if the Government's version of events were credited, the gun would not have stayed in Mueller's back pocket during his stumbling exit from his vehicle.  Scott also argued that the officers would surely have spotted the gun through the car window with their flashlights prior to handcuffing the defendant.

> Approximately one hour into the jury's deliberations at the close of trial, the jury sent the District Court judge a note requesting to see the police report and examine the gun.  The jurors said they needed to hold the gun so they could place it in one of their back pockets to demonstrate Mueller's alleged possession of the gun.  The judge supplied the police report but, in considering whether to show the gun to the jury, she consulted with the Court marshal, who advised that it was the Court's practice to not let the jury handle a gun admitted into evidence.  Rather than letting jury members handle the gun in the jury room, the judge said that the courtroom deputy could go from juror to juror in the courtroom to show each of them the gun.  When jurors asked the judge why they could not hold the gun or place it into their own pant

---

[10]   *See* No. 08-cr-139, Doc. 17 at 12 (Def.'s proposed jury instructions).
[11]   *See* No. 08-cr-139, Doc. 27 at 22 (jury instructions).
[12]   Doc. 19-4 at 26, 29.

pockets, she explained that it would be against courthouse policy, which she did not want to violate.[13]

The jury found Petitioner guilty of the gun charge.

The parties submitted sentencing memoranda prior to Petitioner's sentencing hearing in the Eastern District of Pennsylvania.  In its sentencing memorandum, the Government included a copy of Petitioner's prior conviction in the Court of Common Pleas of Philadelphia County for unlawful possession of a controlled substance with an intent to deliver in violation of 35 P.S. § 780-113(a)(30).[14]  The Government also included prior felony drug convictions.[15]  On May 13, 2009, Petitioner was sentenced to 202 months of imprisonment and five years of supervised release on the § 922(g) conviction.[16]

Petitioner filed a direct appeal regarding his § 922(g) jury conviction, arguing that the trial court "abused its discretion in refusing the jury's request during deliberations to hold a gun that had been admitted into evidence."[17]  The United States Court of Appeals for the Third Circuit affirmed the conviction;[18] and the Supreme Court denied *certiorari*.[19]

---

[13]   *United States v. Mueller*, 405 F. App'x 648, at **2.
[14]   *See* No. 08-cr-139, Doc. 45-2.
[15]   *See, e.g.*, *id.* at 8 (conviction dated March 18, 1996).
[16]   No. 08-cr-139, Doc. 48 at 2.
[17]   *Mueller*, 405 F. App'x at 1.
[18]   No. 08-cr-139, Doc. 61.
[19]   563 U.S. 1016 (2011)

Petitioner next filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, arguing that his counsel was ineffective at sentencing; the motion was denied.[20]   Petitioner then sought a certificate of appealability in order to appeal the denial of his § 2255 motion to the Third Circuit. The Third Circuit declined to issue the certificate, finding that:

> Mueller has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Mueller's prior convictions for possession with the intent to deliver controlled substances involved cocaine and heroin; they carried maximum penalties of up to fifteen years.  35 P.S. § 780-113(f)(1); *Shepard v. United States*, 544 U.S. 13, 26 (2005).  They therefore constitute serious drug offenses, and his classification as an armed career criminal was correct.  *See* 18 U.S.C. § 924(e)(2)(A)(ii).  Mueller's counsel was not ineffective for failing to raise meritless arguments to the contrary.  The District Court's *sua sponte* denial of a certificate of appealability was not error.[21]

The Supreme Court denied *certiorari* as to the denial of Petitioner's § 2255 motion.[22]

On March 7, 2014, Petitioner filed a second § 2255 motion with the trial court,[23] claiming that his sentence was imposed in violation of the laws of the United States and that the court was without jurisdiction to impose the sentence, citing *Descamps v. United States*.[24]  Petitioner claimed the sentencing court improperly relied upon "a prior, Pennsylvania conviction for 'Manufacture, delivery or Possession with intent to Manufacture or Deliver a Controlled Substance as a

---

[20]   No. 08-cr-139, Doc. 62.
[21]   No. 08-cr-139, Doc. 76 at 1.
[22]   568 U.S. 858 (2012).
[23]   No. 08-cr-139, Doc. 83.
[24]   570 U.S. 254 (2013).

Predicate Offense'… for Arm [sic] career purpose."[25]  The motion was dismissed because Petitioner had not "sought or obtained an order from the Court of Appeals allowing [the trial court] to consider the merits of his successive motion."[26]  On January 6, 2015, the Third Circuit denied Petitioner's request for a certificate of appealability, noting that Petitioner "does not satisfy the requirements for filing a second or successive § 2255 motion because his claim does not rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court as required by 28 U.S.C. §§ 2244, 2255(h)."[27]

In the instant § 2241 petition and supporting brief, Petitioner argues that (1) he is actually innocent of his conviction for violating 18 U.S.C. § 922(g)(1) because "the indictment did not allege[] and no evidence was offered at trial that he belonged to a category of persons" barred from possession a firearm, citing *Rehaif v. United States*; (2) the testimony at trial established that the gun that Petitioner allegedly possessed was in the trunk of the car and was not his; and (3) his trial attorney was ineffective for failing to file a motion to suppress evidence in light of the allegedly unlawful traffic stop.[28]

---

[25]  *See id.* at 5.
[26]  No. 08-cr-139, Doc. 84.
[27]  No. 08-cr-139, Doc. 89 at 1.
[28]  Doc. 1 at 6-7.

## II.   DISCUSSION

A motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction.[29]   There is an exception to this rule under 28 U.S.C. § 2255(e), which provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

To fall within this exception, Petitioner would need to establish (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review.[30]

Here, Petitioner's claims regarding the ineffectiveness of counsel and sufficiency of the evidence do not fall within this exception because Petitioner had an opportunity to seek judicial review for both of those issues either on direct appeal or in his § 2255 motion.

As to his *Rehaif* claim, assuming for the purposes of this motion that Petitioner had no prior opportunity for this issue to be reviewed, Petitioner alleges that he is

---

[29]   *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).
[30]   *Bruce*, 868 F.3d 170, 180 (3d Cir. 2017).

"actually innocent" of his conviction under § 922(g)(1).   To establish actual innocence for the purposes of a § 2241 petition, "a petitioner must 'demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"[31]   In making a determination under this standard, a district court considers what a reasonable, properly instructed juror would do in light of all the evidence.[32]

The Supreme Court of the United States held in *Rehaif* that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[33]   Relevant here, *Rehaif* does not require the Government to prove that the defendant actually knew of the prohibition from possessing a firearm to sustain a conviction under § 922(g)(1):

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?   We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status.   To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.[34]

---

[31]   *Bruce*, 868 F.3d at 184 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).

[32]   *Id.*

[33]   139 S. Ct. at 2200.

[34]   *Id.* at 2194.

Thus, while the Government's burden includes proof that the defendant was aware of his "relevant status," meaning knowledge that he was "a felon, an alien unlawfully in this country, or the like,"[35] it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms.[36]

Petitioner's argument that the Government failed to prove that he knew of his qualifying status does not meet the actual innocence standard. First, Petitioner admitted on the stand that at the time of the gun offense, he knew he was a felon who was not permitted to possess a firearm. Setting aside that admission for the sake of argument, there is also other evidence in the record that would establish the knowing element. Specifically, on September 28, 2004, Petitioner was convicted in the Court of Common Pleas of Philadelphia County for possession with intent to manufacture or deliver a controlled substance, a felony under state law. The Government could have presented the judgment and sentence for this conviction to the jury in Petitioner's federal trial. In addition, appended to its sentencing memorandum in the criminal trial, the Government also included other judgments of convictions for other drug offenses from the Court of Common Pleas of Philadelphia County; the Government could have also presented these convictions at trial.

---

[35] *Id.* at 2195-96.

[36] *See, e.g.*, *United States v. Bowens*, 938 F. 3d 790, 796-97 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.").

A reasonable and properly instructed juror would likely conclude Petitioner knew at the time he possessed a firearm in May 2006 that he had previously been convicted of a crime punishable by more than one year in prison, especially because he admitted as much while testifying.[37]  Additionally, there was ample evidence that could have been produced at trial to demonstrate Petitioner's qualification under § 922(g); indeed, Petitioner's testimony, the criminal complaints, and judgments of conviction leave no doubt that he was convicted of offenses punishable for more than a year in prison.  Petitioner has thus failed to establish his actual innocence as to the *Rehaif* ground for relief.

## III.   CONCLUSION

For the foregoing reasons, the Court will deny the petition writ of habeas corpus.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[37]  *See United States v. Sanabria-Robreno*, 819 F. App'x 80, 83 (3d Cir. 2020) (finding substantial evidence that defendant knew he was a convicted felon when he possessed a firearm because he previously pled guilty to crimes carrying maximum penalties between five and fifteen years' imprisonment).